THE KNEAFSEY FIRM, INC.
Sean M. Kneafsey (SBN 180863)
skneafsey@kneafseyfirm.com
Kurt A. Dreibholz (SBN 212779)
kdreibholz@kneafseyfirm.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

AGEMIAN & FANG, PC
Anahid Agemian (SBN 128372)
anahid@aaandyf.com
107 S. Fair Oaks Ave., Ste. 218
Pasadena, California 91105
626-356-1996; Fax 626-356-1945

Attorneys for Plaintiff
Xiamen Wins-Up Imp. & Exp. Co., Ltd.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| XIAMEN WINS-UP IMP. & EXP. CO., LTD., a foreign corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED SAFETY TECHNOLOGY, INC., a Delaware corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> Assigned to: <br><br> **COMPLAINT FOR:** <br><br>   1. **BREACH OF CONTRACT;** <br>   2. **QUANTUM VALEBANT;** <br>   3. **ACCOUNT STATED;** <br>   4. **UNJUST ENRICHMENT; AND** <br>   5. **CLAIM AND DELIVERY** |

COMPLAINT

Plaintiff XIAMEN WINS-UP IMP. & EXP. CO., LTD., for its complaint against Defendant UNITED SAFETY TECHNOLOGY, INC., a Delaware corporation, and DOES 1-10 inclusive (collectively "Defendants") alleges as follows:

## GENERAL ALLEGATIONS

### I.    INTRODUCTION

1.    This is a breach of commercial contract action arising out of Defendants' failure to pay Plaintiff for goods sold and delivered.  Defendants and Plaintiff entered into a commercial contract for the sale of goods and materials.  Plaintiff delivered said goods.  Plaintiff invoiced Defendants for said goods.  Defendants breached the commercial contract by failing and refusing to pay the invoiced amount for said goods.  Plaintiff brings this action for breach of contract or, in the alternative, for quantum valebant, account stated, unjust enrichment, and claim and delivery.

### II.    PARTIES

2.    Plaintiff Xiamen Wins-Up Imp. & Exp. Co., Ltd., is a foreign corporation based in Xiamen, China.

3.    Defendant United Safety Technology, Inc., is a Delaware corporation based in Los Angeles County, California that maintains its principal place of business in the City of La Verne, California.  Upon information and belief, this Defendant's principal address is 2053 Puddingstone Drive, La Verne, California 91750.  This Defendant shall be referred to hereinafter as "UST."

4.    The true names, capacities, and/or liabilities of Does 1 through 10, inclusive (hereinafter "Does" or "Doe Defendants") are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  After the true names, capacities, and/or liabilities of the Doe Defendants, or any of them, are ascertained, Plaintiff will amend this Complaint accordingly and dismiss any remaining unnamed Doe Defendants.  Each of the Doe Defendants is liable to Plaintiff and legally responsible in some manner for the events and happenings alleged herein and caused injury to Plaintiff and damages proximately thereby.

5.    Plaintiff is informed and believes and, based thereon, alleges that at all relevant times herein, each of the Defendants, including Does 1 through 10, inclusive (collectively "Defendants") directed, knew, or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their actions and/or inaction directed, ratified, and encouraged such acts and behavior.  Each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and was at all relevant times acting within the course and scope of their authority as such agents, servants, and/or employees, and with the consent of the other Defendants.

6.    Plaintiff is informed and believes and, based thereon, alleges that there exists and, at all times relevant to this Complaint, existed a unity of interest between the Defendants themselves and/or Does 1-10 such that any individuality and separateness between Defendants themselves and/or Does 1-10 has ceased, and Defendants and/or Does 1-10 are the alter ego of the other Defendants and/or Does 1-10 and exerted control over each other.  Adherence to the fiction of the separate existence of Defendants and/or Does 1-10 as an entity or entities distinct from other certain Defendants and/or Does 1-10 will permit an abuse of the corporate privilege and would sanction a fraud and/or promote injustice.

7.    Plaintiff is further informed and believes that after a reasonable opportunity for investigation and discovery, the facts will show that the corporate Defendants are not distinct entities from the individual Defendants and that adherence to the fiction of the separate existence of the corporate Defendants and individual defendants and/or preserving the corporate privilege would permit an abuse of the corporate privilege and would sanction a fraud and promote injustice by allowing Defendants to evade individual obligations to creditors such as Plaintiff by shifting those obligations to an entity incapable of meeting them.

8.    Plaintiff is further informed and believes that after a reasonable opportunity for investigation and discovery, the facts will show that a host of

COMPLAINT

additional factors will establish alter ego including, but not limited to, the following:

- The commingling of funds and other assets; the treatment by the individual defendants of the assets of the corporation as their own; and the failure to segregate funds of the corporate entity and the individual;
- The unauthorized diversion of corporate funds or assets to other than corporate uses;
- The holding out that the individual defendants are personally liable for the debts of the corporation;
- The failure to maintain minutes or adequate corporate records, and the confusion of the records of the corporate entity and the individuals;
- The identical equitable ownership in the corporate entity by the individuals or the identification of the equitable owners thereof with the domination and control of the corporate entity;
- The identification of the directors and officers of the entities in the responsible supervision and management;
- Sole ownership of all the stock in a corporation by one individual or the members of a family;
- The employment of the same employees and/or attorneys;
- The undercapitalization of the corporation;
- Fraud in the inducement;
- The disregard of legal formalities and the failure to maintain arm's length relationships among related entities;
- The use of the corporate entity to procure labor, services or merchandise for another person or entity;
- The diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; and

- 4 -

- The failure to maintain the corporate entities in "good standing" with the California Secretary of State.

*See Zoran Corp v. Chen*, 185 Cal.App.4th 799, 811-812 (2010).

9.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-10 inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend its Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged herein, and that the damages of Plaintiff alleged herein were proximately caused by these Defendants.

## III.    JURISDICTION AND VENUE

10.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendants and Plaintiff are citizens of different states.  Plaintiff herein is a citizen of a foreign state (China). This court has jurisdiction over Defendants because Defendants entered into the subject commercial contract with Plaintiff in the County of Los Angeles and because the goods and materials were delivered to Defendants at the Port of Long Beach, California.  Defendants' payment to Plaintiff was to occur from Los Angeles County, California.  Defendants are residents of, or have their principal place of business in, Los Angeles County, California.

11.      Original jurisdiction in this court is proper because the amount in controversy, as set forth in this Complaint, exceeds $75,000.

12.      Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in this district and because a substantial portion of the acts and conduct giving rise to the claims herein occurred within the district.  To wit, venue is proper before this court as the commercial contract at issue was entered into in Los Angeles County and because Defendants' principal place of business is in Los Angeles County, California.  Further, one or more of the Defendants' main corporate office is in Los Angeles County, California.  Pursuant to the holding of *Hertz Corp.*

COMPLAINT

*v. Friend*, 130 U.S. 1181 (2010), "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities, the location referred to there as the corporation's "nerve center." As the *Hertz* court held, in practice it should normally be the place where the corporation maintains its headquarters so as to perform those functions referenced above.

## IV.    FACTS COMMON TO ALL CAUSES OF ACTION

13.    Plaintiff is an import-export company.  In this case, Plaintiff sold and delivered to Defendants certain machines and materials for the manufacture of face masks (dust masks and medical-style masks).

14.    On or about December 7, 2020, Defendants submitted to Plaintiff their Purchase Order No. 620-PO1000007 in the amount of $338,296.25 net of international shipping costs (the "First Purchase Order").  A true and correct copy of the First Purchase Order is attached hereto and incorporated by reference as Exhibit 1.  The First Purchase Order is for materials/fabric.

15.    On or about March 22, 2021, Defendants submitted to Plaintiff their Purchase Order No. 620-IPO10000287 in the amount of $435,000.00 net of international shipping costs (the "Second Purchase Order").  A true and correct copy of the Second Purchase Order is attached hereto and incorporated by reference as Exhibit 2.  The Second Purchase Order is for three KYD Machines (machines used in the manufacture of face masks).

16.    On or about March 22, 2021, Plaintiff submitted to Defendants their Invoice No. 620-IPO10000287A in the total amount of $301,760.00 (the "First Invoice").  The First Invoice is for two of the three KYD Machines referred to above plus freight/shipping (in the amount of $11,760.00). A true and correct copy of the First Invoice is attached hereto and incorporated by reference as Exhibit 3.  The express terms were for payment in 60 days after the B/L or FOB date.

17.    On or about March 22, 2021, Plaintiff submitted to Defendants their

- 6 -

Invoice No. 620-IPO10000287B in the total amount of $145,000.00 (the "Second Invoice"). The Second Invoice is for one of the three KYD Machines referred to above. A true and correct copy of the Second Invoice is attached hereto and incorporated by reference as Exhibit 4. The express terms were for payment in 60 days after the B/L or FOB date.

18. Plaintiffs sold and delivered to Defendants all materials/fabric and machines required to be sold and delivered to Defendants under the Purchase Orders and the Invoices. As alleged above, the goods were delivered via the Port of Long Beach. Upon information and belief, Defendants use and have been using the materials/fabric and machines in their production of face masks. As alleged above, Defendants manufacture in La Verne, California.

19. All sums now due and owing under the Purchase Orders and the Invoices remain unpaid. Defendants have never disputed the amounts owed under the Purchase Orders and the Invoices. Similarly, they have not disputed the quality or quantity of the materials/fabric and machines delivered to them.

20. On or about March 30, 2021, Plaintiff made a demand for payment for the three KYD Machines (*i.e.*, pursuant to the Second Purchase Order and the corresponding First Invoice and Second Invoice) (hereinafter the "First Demand Letter"). A true and correct copy of the First Demand Letter is attached hereto and incorporated by reference as Exhibit 5. At this point in time, the First Purchase Order for the materials/fabric still remained unpaid.

21. Defendants, and each of them, failed and continue to fail to pay the balance due.

22. Consequently, Plaintiff made further demand for payment upon Defendants on or about June 10, 2021 (the "Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto and incorporated by reference as Exhibit 6. The total due Plaintiff (net of statutory interest) is $785,056.25. This total is the sum of the First Purchase Order, the Second Purchase

Order and the freight/shipping cost ($338,296.25 + $435,000.00 + $11,760.00 = $785,056.25).

23.     Once again, Defendants, and each of them, failed and continue to fail to pay the balance due.

24.     To date, no payment has been made on the Purchase Orders or the Invoices and/or the amounts owed to Plaintiff, which has forced Plaintiff to retain counsel and initiate this action in order to protect its rights.

25.     Defendants, and each of them, have breached the commercial contract between the parties.  Plaintiff has been damaged thereby.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against all Defendants)**

26.     Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

27.     On or about the dates alleged hereinabove, Plaintiff entered into a commercial contract with Defendants to sell and deliver the materials/fabric and KYD Machines alleged above.  *See* Exhs. 1-4.

28.     Pursuant to the terms of the commercial contract, Defendant is and was obligated to pay Plaintiff $785,056.25.

29.     Defendants breached the commercial contract by failing and refusing to pay the amount owed to Plaintiff.

30.     Plaintiff has demanded that Defendants perform under the commercial contract, but Defendants have refused and failed to perform.

31.     Plaintiff substantially performed all the terms and conditions required of it by the commercial contract.

32.     As a direct and proximate result of the breach of the commercial contract, Plaintiff has been damaged in the amount of at least $785,056.25 or an alternative amount to be proven at trial.  Pursuant to California Civil Code sections

3287 and 3289, Plaintiff is also entitled to prejudgment interest at the statutory rate of 10 percent per annum.

## SECOND CAUSE OF ACTION

### QUANTUM VALEBANT

### (Against all Defendants)

33.    Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

34.    Should the Court find that there is no contract or that the contract is not enforceable, Plaintiff pleads in the alternative.

35.    Defendants requested that Plaintiff sell and deliver the goods described above for the benefit of Defendants.

36.    Plaintiff sold and delivered the requested goods to Defendants.

37.    Plaintiff performed as requested with Defendants' full knowledge and encouragement.

38.    Defendants accepted, used and enjoyed the goods.

39.    Defendants were aware that Plaintiff, in selling and delivering the goods, expected to be paid by Defendants.

40.    However, to date Defendants have not paid Plaintiff for the goods.

41.    The reasonable value of the goods is at least $785,056.25 or a separate amount to be proven at trial.

## THIRD CAUSE OF ACTION

### ACCOUNT STATED

### (Against all Defendants)

42.    Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

43.    As alleged above, Plaintiff submitted to Defendants the two Invoices and the two Demand Letters stating the amount due of $785,056.25.  Defendants have never disputed the account stated therein.

44.     Defendants owe Plaintiff money from the commercial transactions alleged above.

45.     Plaintiff and Defendants, by words and conduct, agreed that the amount Plaintiff claims to be due from Defendants is the correct amount owed.

46.     Defendants, by words or conduct, promised to pay the stated amount to Plaintiff.

47.     Defendants have not paid Plaintiff any of the amount owed under this account.

48.     The amount of money Defendants owe Plaintiff is $785,056.25.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

## (Against all Defendants)

49.     Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

50.     As alleged above, Defendants, and each of them, received a benefit from Plaintiff, namely the goods sold and delivered to Defendants.

51.     Defendants, and each of them, have unjustly retained these goods for their own benefit.

52.     Defendants, and each of them, have unjustly retained these goods at the expense of Plaintiff.

53.     Plaintiff is, therefore, entitled to restitution from Defendants, and each of them, including, but not limited to, Defendants' ill-gotten profits from the use and enjoyment of the goods described above.

## FIFTH CAUSE OF ACTION

## CLAIM AND DELIVERY

## (Against all Defendants)

54.     Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

55.    Plaintiff seeks recovery of the above-referenced goods and machinery from Defendants who have unlawfully retained said property and failed to return said property to Plaintiff.

56.    At all times mentioned herein, Plaintiff was and still is entitled to the possession of the above-referenced goods and machinery.

57.    The above-mentioned property has a minimum value of $785,056.25.

58.    Defendants have been and now are in wrongful possession of the property.

59.    During, and as a proximate result of, Defendants' wrongful possession and detention of the property described above, Plaintiff has suffered damages according to proof at trial for the loss of use of its property.

60.    Plaintiff is entitled to immediate possession of the property.  Plaintiff is entitled to a writ of possession.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays for:

1.    Monetary damages in the amount of $785,056.25 or in an alternative amount to be proven at trial;

2.    The reasonable value of goods sold and delivered in the amount of $785,056.25 or a separate amount to be proven at trial;

3.    Restitution in the amount of $785,056.25 or in an alternative amount to be proven at trial;

4.    Possession of the goods sold and delivered;

5.    A writ of possession;

6.    A temporary restraining order;

7.    Attorney fees and/or costs of suit as permitted by statute;

8.    Prejudgment interest as allowed by law; and

9.    Any further relief that the court may deem just and equitable.

COMPLAINT

1

DATED:  July 28, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE KNEAFSEY FIRM

By _____
        Sean Kneafsey
Attorneys for Plaintiff
Xiamen Wins-Up Imp. & Exp. Co., Ltd.

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all claims triable by right of a jury.

DATED:  July 28, 2021          THE KNEAFSEY FIRM


By _____
    Sean Kneafsey
    Attorneys for Plaintiff
    Xiamen Wins-Up Imp. & Exp. Co., Ltd.

COMPLAINT

# EXHIBIT 1

# PURCHASE ORDER

| | |
|---|---|
| Purchase Order | 620-PO1000007 |
| Purchase Order Date: | 12/7/2020 |
| | Page: 1 |

To: XIAMEN WINS UP IMP AND EXP CO LTD
Hua
RM 1108 16NORTH HUBIN RD
XIAMEN, FUJIAN 361012
CHINA

Ship
To: UST WAREHOUSE
GLENN TRAN
2053 PUDDINGSTONE DRIVE
LA VERNE, CA 91750
UNITED STATES

**Ref No:**

| Vendor ID | Terms | Ship Date | Ship Via |
|---|---|---|---|
| USV0231 | NET 60 DAYS | | Collect |

| Sales Order No. | Customer PO# | Cancel Date | Sell-To Customer |
|---|---|---|---|
| | | | |

| Item No. | Description | Quantity | Unit per Carton | Cases | Unit Price | Total Price |
|---|---|---|---|---|---|---|
| UST-001C | INNER LAYER ACUPUNCTURE COTTON | 60,501.8 | | | 4.14127 | 250,554.29 |
| UST-002C | FILTER LAYER MELT BLOWN FABRIC | 7,004.2 | | | 10.873 | 76,156.67 |
| UST-003C | OUTLAYER NONWOVEN FABRIC | 3,981.2 | | | 2.91 | 11,585.29 |

| | | | |
|---|---|---|---|
| 71,487.2 | 0.00 | | |
| | | **Subtotal:** | **338,296.25** |
| | | Invoice Discount: | 0.00 |
| | | Tax: | 0.00 |
| | | **Total:** | **338,296.25** |

**EXHIBIT 1 - PAGE 14**

# EXHIBIT 2

# United Safety Technology Inc.

# PURCHASE ORDER

| | |
|---|---|
| Purchase Order | 620-IPO10000287 |
| Purchase Order Date: | 03/22/2021 |
| | Page: 1 |

To: XIAMEN WINS UP IMP AND EXP CO LTD
RM.1108,16 NORTH HUBIN RD.,
XIAMEN,CHINA

Ship
To: UNITED SAFETY TECHNOLOGY INC

2053 PUDDINGSTONE DRIVE

LA VERNE, CA 91750 UNITED STATES

**Ref No:**

| Vendor ID | Terms | Ship Date | Ship Via |
|---|---|---|---|
| USV0231 | WIRE | | Collect |

| Sales Order No. | Vendor Quote# | Cancel Date | Sell-To Customer |
|---|---|---|---|
| | | | |

| Item No. | Description | Quantity | Unit per Carton | Cases | Unit Price | Total Price |
|---|---|---|---|---|---|---|
| FOH MISC PURCHASES | KYD MACHINES | 3 | | | 145,000.00 | 435,000.00 |
| | | 3 | 0.00 | | | |

| | |
|---|---|
| **Subtotal:** | **435,000.00** |
| Invoice Discount: | 0.00 |
| Tax: | 0.00 |
| **Total:** | **435,000.00** |

**EXHIBIT 2 - PAGE 15**

# EXHIBIT 3

 **XIAMEN WINS-UP IMP. & EXP. CO., LTD.**

Add:RM.1108,16 NORTH HUBIN RD.,XIAMEN,CHINA
Tel:86-592-5313958 5313968  Fax:5313978  E-mail:tkmlin@wins-up.com

---

## PROFORMA    INVOICE

PAGE 1

MESSRS:UNITED SAFETY TECHNOLOGY INC.   ADD:2053 PUDDINGSTONE DRIVELA VERNE,CA 91750

INVOICE NO:620-IPO10000287A                          DATE:Mar.22.2021

| DESCRIPTION | QUANTITY | UNIT PRICE(USD) | AMOUNT(USD) |
|---|---|---|---|
| | | | C&F LONG BEACH.CA |
| 1.KYD MACHINES | | | |
| FOH MISC PURCHASES | 2SETS | USD145,000.0000 | USD290,000.00 |
| TOTAL: | 2SETS | | USD290,000.00 |
| | | PLUS freight | USD11,760.00 |
| | | | USD301,760.00 |

TERMS:T/T at 60 days after B/L date

BANK: NAME: XIAMEN WINS-UP IMP. & EXP. CO.,LTD.
      ADD: 7-8 A/F,SOUTH BLDG,NEW PORT PLAZA,
      NO.16 NORTH HUBIN RD.,XIAMEN,CHINA
      (TEL:0086-592-5313958)
      BANK: POSTAL SAVINGS BANK OF CHINA
      A/C NO.: 100821688791010001
      SWIFT CODE: PSBCCNBJ



**EXHIBIT 3 - PAGE 16**

# EXHIBIT 4

 **XIAMEN WINS-UP IMP. & EXP. CO., LTD.**

Add:RM.1108,16 NORTH HUBIN RD.,XIAMEN,CHINA
Tel:86-592-5313958 5313968  Fax:5313978  E-mail:tkmlin@wins-up.com

---

## PROFORMA    INVOICE

PAGE 1

MESSRS:UNITED SAFETY TECHNOLOGY INC.   ADD:2053 PUDDINGSTONE DRIVELA VERNE,CA 91750

INVOICE NO:620-IPO10000287B                               DATE:Mar.22.2021

| DESCRIPTION | QUANTITY | UNIT PRICE(USD) | AMOUNT(USD) |
|---|---|---|---|
| | | | FOB YANTIAN |
| 1.KYD MACHINES | | | |
| FOH MISC PURCHASES | 1SET | USD145,000.0000 | USD145,000.00 |
| TOTAL: | 1SET | | USD145,000.00 |

TERMS:T/T at 60 days after B/L date

BANK: NAME: XIAMEN WINS-UP IMP. & EXP. CO.,LTD.
      ADD: 7-8 A/F,SOUTH BLDG,NEW PORT PLAZA,
      NO.16 NORTH HUBIN RD.,XIAMEN,CHINA
      (TEL:0086-592-5313958)
      BANK: POSTAL SAVINGS BANK OF CHINA
      A/C NO.: 100821688791010001
      SWIFT CODE: PSBCCNBJ



**EXHIBIT 4 - PAGE 17**

# EXHIBIT 5

**Anahid Agemian**

| | |
|---|---|
| **From:** | wins-up <360216755@qq.com> |
| **Sent:** | Tuesday, March 30, 2021 8:21 PM |
| **To:** | Glen Tran; Jeongho Min |
| **Cc:** | Wee Liam Yau; Lu Jiang |
| **Subject:** | Re:RE: Headband fish mask machine- PURCHASE ORDER and Payment |
| **Attachments:** | 620-IPO10000287B(PI).pdf; 620-IPO10000287A(PI).pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello,

1.Please find the PI#IPO10000287A and IPO10000287B.
The first shipment of two masks machine is our advanced shipping charges. So the PI made of TWO.

2.Payment Reminder
The first shipment of two masks machine:
FOB date:2/3/2021    payment term:FOB 60 days
please trouble arrangements for payment:4/3/2021.

The last mask machine:
FOB date:3/4/2021    payment term:FOB 60 days
please trouble arrangements for payment:5/4/2021.

Best regards
HUA

------------------ Original ------------------
**From:** "Glen Tran" <GTran@unitedsafetytech.com>;
**Date:** Tue, Mar 30, 2021 05:37 AM
**To:** "wins-up"<360216755@qq.com>;"Jeongho Min"<jmin@unitedsafetytech.com>;
**Cc:** "WeeLiam Yau (Tofasco)"<weeliam.yau@tofasco.com>;"Lu Jiang"<lujiang@unitedsafetytech.com>;
**Subject:** RE: Headband fish mask machine- PURCHASE ORDER and Payment

Hello Xiamen

My apologies for the delay. Here is the official PO for the 3 mask making machine

Please reach out to me directly if you have any questions

1

**EXHIBIT 5 - PAGE 18**

**Glen Tran**

**Chief Manufacturing Director**



**2053 Puddingstone Drive**

**La Verne, CA 91750**

This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s). If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution, or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately and delete the original and all copies of the communication, along with any attachments hereto or links herein from your system.

Your email is now secured by the Barracuda Email Security Service.

**EXHIBIT 5 - PAGE 19**

# EXHIBIT 6

**Agemian & Fang, P.C.**

---

Attorneys at Law

107 S. Fair Oaks Ave., Ste. 218
Pasadena, CA 91105
(626) 356-1996; Fax (626) 356-1945

E-mail:anahid@aaandyf.com

**Via U.S. Mail and email:**   dizhaky@unitedsafetytech.com

June 10, 2021

United Safety Technology, Inc.
Attn:  Dan Izhaky
2053 Puddingstone Dr.
La Verne, CA 91750

Re:            Our Client:            Xiamen Wins Up Imp. & Exp. Co. Ltd

Dear Mr. Izhaky:

This firm represents Xiamen Wins Up Imp. & Exp. Co. Ltd., "Xiamen," with reference to an outstanding open account owed by United Safety Technology, Inc., "UST."   Please direct any communication on this subject to the undersigned and not the client.

In December, 2020, UST purchased, from Xiamen, equipment and material totaling $785,056.25 (USD.)   The equipment was shipped and UST has been using it since.   To date, however, and even though request for payment has been made, no payment has been received.

DEMAND IS HEREBY MADE that UST pay $785,056.25 (USD) no later than June 18, 2021. Should payment not be made by that date, my client will exercise all rights available to it under State and Federal laws.

Should the attorney for UST wish to speak with me, she/he may call or email.

**AGEMIAN & FANG, P.C.**

*Anahid Agemian*

(Ms.)   Anahid Agemian
Attorney at Law

AA/aa
      Cc: client

**EXHIBIT 6 - PAGE 20**